**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1009
_____

IN RE:  FREDERICK H. BANKS,
                                                 Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
United States District Court for the Northern District of Ohio
(Related to W.D. Pa. Civ. No. 15-cv-01583 and N.D. Ohio Civ. No. 19-cv-02315)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 26, 2020
Before:  JORDAN, KRAUSE, and MATEY, Circuit Judges

(Opinion filed: April 1, 2020)
_____

OPINION[*]
_____

PER CURIAM

Petitioner Frederick Banks has filed a mandamus petition in this Court seeking,

among other things, to require the review of his document titled "Articles of

Impeachment."  As Respondents, he names Chief Judge Patricia A. Gaughan, United

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

1

States District Court for the Northern District of Ohio; Judge Arthur J. Schwab, United States District Court for the Western District of Pennsylvania; Nancy Pelosi, Speaker of the United States House of Representatives; Jerrold Nadler,[1] Chair of the House Judiciary Committee; and Michael J. Machen, Esquire. As we understand it, this mandamus filing refers to two separate proceedings, as described below.

First, Banks presents "Article I-Conspiracy to Obstruct Justice," purportedly on behalf of the United States House of Representatives, regarding case activity in Laurel Michelle Schlemmer v. Central Intelligence Agency, W.D. Pa. Civ. No. 15-cv-01583. Banks explains that he filed a habeas petition under 28 U.S.C. § 2241 on Schlemmer's behalf, with letter notification to Schlemmer and her attorney. Because her attorney denied prior knowledge of the habeas filing to the court yet also informed the FBI of Banks's letter, Banks filed a contempt motion against the attorney. The District Court denied Banks's motion by text entry. Ultimately, the District Court dismissed the § 2241 habeas petition and denied Banks's motion to reopen. Alleging that a conspiracy existed between the District Court judge and Schlemmer's attorney, Banks asks us to vacate the denial of his motion to reopen and hold the attorney in contempt.

Second, Banks presents "Article II–Libel and Obstruction of Justice" concerning a § 2241 habeas petition that he filed in the United States District Court for the Northern District of Ohio, Banks v. NASA, et al., N.D.Ohio Civ. No. 19-cv-02315. He contends that the District Court erroneously found that his habeas petition was frivolous. Banks

[1] Banks identified Nadler by his title but named "Eric" Nadler in his petition.

also accuses the District Court of libel, corruption, and obstruction of justice by ordering court staff to remove the name of a prominent climate activist as a co-petitioner in his case, by unconstitutionally suspending the writ of habeas corpus, and by falsely holding his name in a bad light.

Mandamus is an extraordinary and drastic form of relief. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378-79 (3d Cir. 2005). A petitioner must show that he has (i) no other adequate means of obtaining the desired relief and (ii) a "clear and indisputable" right to issuance of the writ. See Haines v. Liggett Group, Inc., 975 F.2d 81, 89 (3d Cir. 1992) (citing Kerr v. United States District Court, 426 U.S. 394, 403 (1976)).

Concerning the Schlemmer case, we decline to exercise our mandamus power because mandamus is not a substitute for appeal. See Cheney v. U.S. Dist. Court, 542 U.S. 367, 380-81 (2004); Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Banks cannot claim that he has no other way of obtaining relief concerning the District Court's denial of his contempt motion and motion to reopen, where he had adequate opportunity to appeal. See In re Briscoe, 448 F.3d 201, 212-13 (3d Cir. 2006).[2]

As for his habeas action filed in the Northern District of Ohio, Banks also seeks to substitute mandamus relief for an appeal. He faces another obstacle as well: we have no independent basis to exercise our supervisory authority over that court by way of mandamus. Under the All Writs Act, 28 U.S.C. § 1651(a), this Court has jurisdiction to

3

issue a writ of mandamus "in aid of" its potential appellate jurisdiction. See United States v. Christian, 660 F.2d 892, 894 (3d Cir. 1981) (explaining that, "[b]efore entertaining" a petition for a writ of mandamus, "we must identify a jurisdiction that the issuance of the writ might assist"). To the extent that Banks anticipates this jurisdictional issue and requests transfer of his mandamus petition to the Court of Appeals for the Sixth Circuit, we decline to do so, as it would not be in the interest of justice to do so under 28 U.S.C. § 1631.

Finally, to the extent that Banks seeks to compel an officer or employee of the United States to review of his "Articles of Impeachment," upon consideration of the mandamus principles set forth above, we decline to transfer the matter to a district court to be treated as a mandamus action under 28 U.S.C. § 1361.

Accordingly, we will deny Banks's mandamus petition.

---

[2] Indeed, Banks filed a notice of appeal, docketed at C.A. No. 19-3778.